DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

ROBERT L. BATTLE, JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D22-2763

————————————————

February 23, 2024

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Pinellas County; Philip J. Federico, Judge.

Howard L. Dimmig, II, Public Defender, and Maureen Surber, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Katherine Cline, Assistant Attorney General, Tampa, for Appellee.

NORTHCUTT, Judge.

Robert L. Battle, Jr., appeals a final order on his motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). We find no error in the postconviction court's conclusion that Battle's life sentence without the possibility of release was illegal under the Eighth Amendment as established in *Graham v. Florida*, 560 U.S. 48, 82 (2010)

(holding that a life sentence without possibility of parole for a juvenile defendant convicted of a nonhomicide offense is unconstitutional). However, we reverse the order and remand for the court to hold a sentencing hearing on count three to impose a sentence that complies with *Graham*.

Battle was a juvenile when, in 2000, he discharged a firearm and caused great bodily harm during an attempted robbery. At a jury trial in 2001, he was convicted and sentenced for his crimes. Ultimately, after several corrections and amendments, Battle was left with a fifteen-year sentence with a ten-year minimum mandatory for attempted robbery (count two) and a mandatory life sentence for attempted felony murder with a firearm (count three), concurrent.

The count three sentence is at issue in this appeal. It resulted from application of two different sentencing statutes. First, because the State requested and proved that Battle qualified as a Prison Releasee Reoffender (PRR), the trial court was *required* to impose a mandatory minimum sentence of life on count three.[1] Second, due to the facts of the case, the "10-20-Life" law, section 775.087, Florida Statutes (2000), applied. Under that statute the trial court had discretion to sentence Battle to anything between twenty-five years and life imprisonment day-for-day. It chose to impose life. Thus, Battle's day-for-day life sentence was the product of two different sentencing schemes, only one of which was nondiscretionary.

---

[1] Section 775.082(9)(a), Florida Statutes (2000), mandates a life sentence as a PRR upon the State's request and proof that the defendant qualifies for the enhancement. Subsection (b) of the statute makes that PRR life sentence a minimum mandatory, eliminating any chance of early release.

2

In 2017, Battle filed a rule 3.800(a) motion to correct illegal sentence directed to his mandatory life sentence without the possibility of parole on count three. He argued that the sentence was a cruel and unusual punishment that violated the Eighth Amendment, as the Supreme Court held in *Graham*, and he demanded resentencing.

The postconviction court found that the PRR minimum mandatory life sentence under the PRR statute was illegal under *Graham*. Nevertheless, the court ruled that Battle's life sentence must stand and that no resentencing was required because the court had no sentencing discretion under the PRR statute. Thus, it denied Battle's request to be resentenced. Instead, the court endeavored to "harmonize" *Graham* and the PRR statute by ordering that Battle would be entitled to a sentence review hearing in the future under section 921.1402(2)(d), Florida Statutes (2014). That statute is part of a legislative scheme enacted following *Graham* to ensure that future post-*Graham* sentences would not violate the Eighth Amendment in the manner addressed in *Graham*.

We fully agree with the postconviction court's conclusion that Battle's minimum mandatory life sentence for his nonhomicide crime violated the Eighth Amendment. Like the defendant in *Graham*, "[t]he State has denied him any chance to later demonstrate that he is fit to rejoin society based solely on a nonhomicide crime that he committed while he was a child in the eyes of the law."[2] 560 U.S. at 79.

However, we conclude that the postconviction court erred in failing to conduct a resentencing. In *Kelsey v. State*, 206 So. 3d 5, 8 (Fla. 2016), the supreme court held that "all juveniles who have sentences

_____

[2] Battle, the State, and the postconviction court all agree that Battle's sentence of life imprisonment without any possibility of release is illegal. The question for the courts, this one included, is what to do about it.

3

that violate *Graham* are entitled to resentencing pursuant to chapter 2014-220, Laws of Florida, codified in sections 775.082, 921.1401 and 921.1402, Florida Statutes (2014)." *See also Pedroza v. State*, 291 So. 3d 541, 547 (Fla. 2020) (reaffirming that this statement in *Kelsey* was intended as the court's holding while other statements from *Kelsey* were *dicta*). Thus, under *Kelsey*'s plain language, Battle is entitled to resentencing that accords him the process and consideration of the factors set forth in sections 921.1401 and 921.1402. Anything less is insufficient.

Because we reverse for a full resentencing, we need not determine whether it is possible to harmonize the statutory prohibition against a defendant ever being released from a PRR life sentence and *Graham*'s specific prohibition against imposing that very sentence for a nonhomicide offense committed by a juvenile. Indeed, on remand for resentencing, the State may well exercise its discretion to not seek PRR sentencing. *See* § 775.082(9)(a)3 (stating that "the state attorney *may* seek to have the court sentence the defendant as a prison releasee reoffender" (emphasis added)). Should the State elect not to pursue PRR sentencing enhancement, the sentencing court will have no need to determine whether or how to harmonize the PRR statute with *Graham.* Further, the court would have discretion to impose any sentence in the range of those authorized by the 10-20-Life statute so long as the facts support the application of that statute and the ultimate sentence does not violate *Graham.*

Reversed and remanded.

SILBERMAN and BLACK, JJ., Concur.

_____

4

Opinion subject to revision prior to official publication.